## 58583. VILICIC v. THE STATE.

BIRDSONG, Judge.

Stephaen Vilicic was convicted by jury of aggravated assault and sentenced to serve four years and ten months. He brings this appeal enumerating five alleged errors. *Held:*

1. The first two enumerations of error deal with the sufficiency of the evidence to support the verdict of the jury and the denial of motions for directed verdict of acquittal. Relevant evidence shows that the victim of the assault (Wilburn) was an employee of a restaurant specializing in barbeque. After the restaurant had closed to the public on the night of the incident, a group of youths began throwing upon the roof of the restaurant the logs used to cook the barbeque, and breaking out the windows at the rear of the restaurant. Several employees ran to the rear of the restaurant and observed a number of teenaged youths in the parking lot of the restaurant and an adjacent fast food establishment. The youths entered two automobiles and began to leave. One of the restaurant employees, being resentful of a racial slur, threw a rock at the autos and apparently hit one. The car turned and returned to the parking lot. Several youths then entered into a confrontation with the employees of the restaurant. The jury was warranted in concluding from the disputed facts that one of the occupants of the car and one of the employees of the restaurant then entered into a "wrestling match" while the other persons present watched. There was evidence that the victim, Wilburn, was standing about eight or ten feet from this struggle. The appellant Vilicic was standing near Wilburn. Vilicic reached down and picked up half of a cinder block, weighing about eight or ten pounds and rushed at Wilburn. Though the evidence was in dispute, the jury was warranted in believing that the victim was watching the nearby struggle and did not see the approach of Vilicic. Vilicic admitted holding the cinder block and

striking Wilburn on the body with it. Other eyewitnesses testified that the person holding the cinder block held it high and struck Wilburn somewhere on the left side of the head near the eye. Wilburn suffered a depression fracture of the left cheek bone. The victim himself was unable to furnish any description of the assault. Another of the persons present picked up a plastic bottle of caustic and struck Wilburn while he was immobile on the ground. The spilled caustic caused a partial loss of vision in the right eye of the victim. It is apparent that the jury chose not to believe appellant's contention that Wilburn was armed with a log and was threatening a friend; that Vilicic was acting in defense of the other; or that Vilicic simply body-blocked Wilburn away and did not strike him in the head.

Though the evidence in this case was in dispute, after reviewing the evidence presented to the jury and available for their consideration, we find that a reasonable trier of fact could rationally have found from that that the evidence sustained guilt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979). For the same reason, it was not error for the trial court to deny the motions for directed verdict at the conclusion of the state's case and again at the close of all the evidence. Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495). See *Hearn v. State,* 145 Ga. App. 469, 470 (243 SE2d 728). The first two enumerations of error are without merit.

2. In his third enumeration of error, appellant complains that the trial court erred in denying him the right to demonstrate in the presence of the jury exactly how he (Vilicic) was carrying the cinder block and how and where he contacted the victim's body. Appellant, both during cross examination of the state's witnesses and in the examination of his defense witnesses, had been allowed to demonstrate various actions by eight different witnesses. When counsel for appellant sought to have Vilicic once again re-enact by demonstration the rush and contact, the trial court curtailed the right indicating that

he believed the jury to be intelligent, that a verbal description would be sufficient, and that the jury had seen enough in the way of demonstrations. Appellant urges that this denied him effective representation.

We disagree. The transcript clearly shows that Vilicic was allowed to show from the witness stand and to describe in such detail as he desired the exact manner in which the encounter with Wilburn had occurred. The trial court has broad discretion in regulating and controlling business of the court, and a reviewing court should never interfere with its exercise unless it is made to appear that wrong or oppression result from its abuse, or the court in some manner takes away the rights the parties have under the law. *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166); *State v. Tuzman,* 145 Ga. App. 481, 483 (243 SE2d 675); *Davis v. State,* 127 Ga. App. 76 (3) (192 SE2d 538). We find no such abuse here and no error.

3. In his fourth enumeration of error, appellant contends that the trial court erred in failing to give a charge on circumstantial evidence. We find no error. Appellant did not request such a charge. Even if he had, the trial court would not have erred in refusing to give such a charge. Vilicic admitted striking the victim with a cinder block. Other eyewitnesses testified that they saw the victim struck in the head with a cinder block. Though Vilicic offered evidence tending to show that Wilburn's head injury was caused by a third party using a different object, such evidence does not, of itself, change the evidence of Vilicic's actions into a circumstantial cause of the injury. It is not error to fail to charge on circumstantial evidence where the state does not rely solely on circumstantial evidence. *Johnson v. State,* 235 Ga. 486 (3) (220 SE2d 448). Thus where, as here, there is some direct evidence, it is not prejudicial error to fail to charge on circumstantial evidence. *DePalma v. State,* 228 Ga. 272 (1) (185 SE2d 53); *Allen v. State,* 150 Ga. App. 109, 110 (3) (257 SE2d 5). This enumeration is without merit.

4. In his final enumeration of error, appellant complains that the prosecutor erred to Vilicic's prejudice when the state's attorney argued that Vilicic had delayed for six months in telling his version of the incident to police when in fact the state knew that Vilicic had given a

statement to the police the night of the incident. Error is predicated upon the court's denial of a motion for mistrial.

We are not shown by transcript what the argument of the prosecutor contained. There is a comment by counsel for Vilicic that the argument referred to a failure to inform the police for six months. However, the actual content of the argument is not before us. The transcript also shows that the prosecutor claimed that he was not referring to the appellant but another witness who had been present at the scene of the encounter. Even assuming arguendo that the prosecutor made an erroneous misstatement, we find under the facts of this case that it is highly probable that such an alleged misstatement would not have been likely to contribute to the verdict of the jury. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). Moreover, a bare allegation that such a misstatement was made in the face of a denial by the prosecutor and a silent record as to the actual comment, leaves us with the presumption that the trial court, having heard the argument, ruled properly upon the motion for mistrial. See *Bank of Clearwater v. Kimbrel,* 240 Ga. 570, 572 (242 SE2d 16). This enumeration likewise lacks merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 12, 1979 — DECIDED OCTOBER 25, 1979 — REHEARING DENIED NOVEMBER 6, 1979 —

*Frank K. Martin,* for appellant.
*William J. Smith, District Attorney, Gray Conger, Assistant District Attorney,* for appellee.