## 61386. THOMAS v. THE STATE.

POPE, Judge.

Roosevelt Alton Thomas was convicted of motor vehicle theft. He enumerates as error on appeal the trial court's denial of his motion for new trial based on the sufficiency of the evidence, the denial of his motion for directed verdict of acquittal and the failure to exclude an oral statement allegedly made by him at the time of his arrest.

1. The owner of the subject motor vehicle, a 4-door Chevrolet pickup truck, testified that he had parked his vehicle on the top level of a parking garage in downtown Atlanta. Upon being paged at work by the police, the owner accompanied them to the parking garage; his truck had been moved approximately 125 feet and had sustained some damage from a collision. Also, the rubber around the left front vent window had been damaged. The owner had rigged the truck so that the gasoline supply would cut off after 15-20 seconds if someone attempted to abscond with it.

Police Officer Burke testified that after he had heard a loud noise emanating from the parking garage, he investigated and found appellant and another man standing approximately 10 feet from the truck. Officer Burke inquired as to what was happening and testified that appellant had responded that he had been trying to get his truck started. Appellant then fled. Upon his capture, appellant was advised of his rights and asked his name and address. Officer Burke testified that he did not "interrogate" appellant but that appellant stated that he had tried to steal the truck and did not mind going "back to Alto."

Appellant testified that the other man with him at the parking garage had requested appellant's assistance in moving the truck. He stated that although he had helped to move the truck, he did not know the truck was stolen. He also testified that he had made no incriminating statement to the police.

"Though the evidence in this case was in dispute, after reviewing the evidence presented to the jury and available for their

consideration, we find that a reasonable trier of fact could rationally have found . . . that the evidence sustained guilt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). For the same reason, it was not error for the trial court to deny the [motion] for directed verdict . . . at the close of all the evidence. Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal." *Vilicic v. State,* 152 Ga. App. 207, 208 (262 SE2d 502) (1979). Therefore, appellant's first and second enumerations are not meritorious. Accord, *Ford v. State,* 144 Ga. App. 599 (241 SE2d 481) (1978); *Craighead v. State,* 126 Ga. App. 300 (1) (190 SE2d 606) (1972).

2. Appellant alleges that several errors resulted from the admission into evidence of his oral statement to the effect that he had attempted to "steal the damn truck" and "didn't mind going back to Alto."

(a) Appellant contends that the requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), were not met since the police did not advise him that he had the right to terminate interrogation at any time. "For a statement to be voluntary, [however,] the arresting authorities are not required to advise a suspect that he may stop the questioning at any time." *Montgomery v. State,* 241 Ga. 396, 397 (245 SE2d 652) (1978); *Ingram v. State,* 134 Ga. App. 935 (4) (216 SE2d 608) (1975).

(b) Appellant next contends that the statement was inadmissible because it tended to place his character in issue without his having "opened the character door." However, "the [statement] complained of [was] an integral part of a criminal confession, and such [a statement is] not rendered inadmissible because the language used therein indicates that the accused had committed another and separate offense." *Dampier v. State,* 245 Ga. 427, 434 (265 SE2d 565) (1980).

(c) Finally, appellant contends that the trial court failed to properly exercise its discretion by refusing to exclude that portion of his statement dealing with his willingness to return to prison. However, since we have determined that such a statement was admissible under the circumstances in this case, this contention is without merit. See *Berryhill v. State,* 235 Ga. 549 (6) (221 SE2d 185) (1975).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MAY 28, 1981.

*Robert M. Coker,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Thrash, Assistant District Attorneys,* for appellee.