DECIDED APRIL 12, 1982 —<br>REHEARING DENIED MAY 5, 1982 — 

*Jane Kent-Plaginos,* for appellant.
*Rafe Banks III, District Attorney,* for appellee.

## 63480. BRAGG v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of motor vehicle theft. Defendant's motion for new trial was denied, and defendant appeals. *Held:*

1. Defendant enumerates as error the allowance in evidence of testimony as to an admission of guilt made to his parole officer who did not give the defendant the full Miranda warnings (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) prior to his discussion with the defendant. On the same date, but prior to

defendant's discussion with the parole officer, he had been questioned by police officers and at that time given the full Miranda warnings, but denied any knowledge of or participation in the crime. When the parole officer talked to him later the same day, he first advised defendant "of his rights pertaining to a final hearing before the parole board." The parole officer explained at the Jackson-Denno hearing that this warning was "[e]ssentially . . . the same as the Miranda rights. He has a right to an attorney. He has a right to a final hearing before the parole board and be represented by an attorney. He doesn't have to make a statement without the presence of an attorney." Defendant then told the parole officer that he "did it," that he couldn't stop himself when "I get off smoking pot and drinking beer," and would like to have the three months remaining of his parole revoked and the parole board to send him someplace where he could get help for his problems. However, the parole officer refused defendant's request to sign a waiver of parole hearing at that time and advised him to seek advice from an attorney. The parole officer again talked to defendant six days later. Defendant had not retained legal counsel, but he still wanted to sign a waiver admitting his involvement in order to revoke parole. The parole officer testified he again advised defendant of his right to an attorney before allowing him to sign a waiver.

On cross-examination the parole officer was asked: "You did not specifically tell [defendant] that anything he said with respect to his parole revocation might also be used against him with respect to these criminal charges we have here today, did you?" The parole officer replied: "In effect. When he made the statement to me, I said, 'Johnny, by this, I assume, that you're planning to enter a plea of guilty?' and he said, 'Yes. I want to get it over with and go back.' . . ." Queried as to whether he was not dealing with defendant "solely as to any possible parole revocation," the witness responded: "In a specific sense, as far as I was concerned in the case; however, as an additional warning to him, I told him, I said, 'I assume by you saying this,' that's why I made him wait for another week, 'by saying this, you intend to plead guilty to it, to the auto theft?' And he said, 'yes.' And I said, 'well, I'm not going to accept it at this time. I'm going to give you time to talk to an attorney.' " When he returned later, and the defendant still wished to waive his right to a hearing the parole officer first read the waiver and explained to the defendant that he was "admitting to committing the offense of auto theft, and then explained his rights pertaining to a hearing before the board which is plainly spelled out in the waiver. And he signed it . . ." In answer to a question by the court, the parole officer stated that in his opinion the defendant fully understood what he was signing.

The defendant testified that he did not steal the automobile and had admitted guilt only in order to get some help with his drug and alcohol problems. He further stated that he did not understand from the parole officer's warning that his admission would be used against him not only to revoke parole but also in a criminal prosecution. The court found that the defendant was given his Miranda rights by the police officer and seemed to fully understand them; that he was also given his rights by the parole officer; and that the waiver was freely and voluntarily made and defendant was cognizant of his rights. The statement was therefore allowed in evidence.

After an individual in custody on criminal charges has been given the complete Miranda warnings, it is not necessary that subsequent incidents of questioning the arrested person be preceded by repetition of the complete warning if that full warning is reinforced prior to subsequent interrogation by reminding the individual in custody that he was previously advised of his rights. See *Anglin v. State,* 244 Ga. 1, 3 (2) (257 SE2d 513), and cits. See also *Brownlee v. State,* 155 Ga. App. 875, 877 (4) (273 SE2d 636). The warning given by the parole officer, although structured for another purpose, was so substantially similar to the Miranda warnings previously given to the defendant as to authorize the trial court to conclude that the warnings given by the parole officer sufficiently reinforced the previously given Miranda warnings. The evidence authorized the trial court's conclusion, after a Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)), that the preponderance of the evidence indicated that the defendant's incriminating statement was freely and voluntarily given as the defendant was properly advised of his constitutional rights. *Goodwin v. State,* 236 Ga. 339, 342 (1) (223 SE2d 703); *Waddell v. State,* 160 Ga. App. 743 (2) (288 SE2d 90). We must accept the factual determinations made by the trial court as those findings are not shown to be clearly erroneous. *Neal v. State,* 160 Ga. App. 498, 504 (5) (287 SE2d 399); *Jones v. State,* 245 Ga. 592, 598 (4) (266 SE2d 201); *Sinns v. State,* 248 Ga. 385 (1) (283 SE2d 479).

2. Defendant contends that his alleged confession was induced by hope of benefit to himself. Code § 38-411 provides that a confession induced "by the slightest hope of benefit" is inadmissible. Generally, the hope of benefit is the hope of lighter punishment. *Presnell v. State,* 241 Ga. 49, 55 (5) (243 SE2d 496). Here the defendant told his parole officer he wanted to get his parole revoked so he could be sent somewhere to be treated for his drinking and drug problems. The parole officer testified he told the defendant that the parole board had no authority to send him to any place in the prison system where he could get help for his problem since that was up to

the Department of Corrections. However, the parole board might make the recommendation to the Department of Corrections. The parole officer told the defendant that if he didn't want a hearing before the board that he would have to waive a hearing before the Pardon and Parole Board. Any thought of benefit to the defendant seems to have arisen with the defendant rather than any inducement held out by the parole officer, and thus would not exclude the statement. *Dickey v. State,* 157 Ga. App. 13 (1) (276 SE2d 75). Regardless of this, it appears that the benefits in regard to rehabilitative aid which the defendant hoped for would be collateral benefits so as not to render his statement inadmissible. See *Tyler v. State,* 247 Ga. 119, 122 (2) (274 SE2d 549).

3. Defendant asserts that his character was improperly introduced into evidence without defendant having presented his character in issue when his parole officer was allowed to testify, thus allowing the state to convey to the jury evidence that the defendant was a criminal with a drug problem. Although the evidence as to the identity of the occupation of the parole officer and the testimony he gave would put the defendant's character in issue, such evidence being otherwise relevant and material to the issues in the case sub judice it does not become inadmissible simply because it has this effect. *Spencer v. State,* 236 Ga. 697, 700 (4) (224 SE2d 910); *Berryhill v. State,* 235 Ga. 549, 551 (6) (221 SE2d 185); *Laney v. State,* 159 Ga. App. 609, 610 (4) (284 SE2d 114). Moreover, in his testimony before the jury, on direct and on cross-examination, the defendant spoke freely of being on parole and wishing to return to a drug center for help. "Material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. [Cit.] Furthermore, the statements complained of were an integral part of a criminal confession, and such statements are not rendered inadmissible because the language used therein indicates that the accused had committed another and separate offense. [Cits.]" *Dampier v. State,* 245 Ga. 427, 433 (10) (265 SE2d 565). See also *Thomas v. State,* 158 Ga. App. 668 (2b) (281 SE2d 646).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED MAY 5, 1982.

*C. Theodore Lee,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.