## 66797. HICKS v. THE STATE.

POPE, Judge.

Bobby Hicks brings this appeal from his conviction of theft of a motor vehicle. *Held:*

1. Appellant's first enumeration of error challenges his conviction on the ground that his constitutional rights to due process and equal protection were denied because of the ineffective assistance of trial counsel. As evidence of the alleged ineffectiveness of counsel, appellant cites several circumstances surrounding the admission into evidence of a certified copy of an accusation which showed that appellant had pled guilty to having given a false name to a law enforcement officer. However, our review of the record discloses that the accusation was admissible as impeachment evidence against appellant, who had placed his character in issue by presentation of evidence of good character. See *Johnson v. State,* 48 Ga. 116 (3) (1873); OCGA § 24-9-84 (Code Ann. § 38-1804). Appellant also cites trial counsel's alleged failure to object to a question propounded by the state to each of his character witnesses on cross-examination. However, our review of the record here discloses that trial counsel did object to the question when first asked, although she did not object thereafter when the trial court overruled the objection. Beyond these isolated instances of alleged ineffectiveness (which may be more properly described as trial tactics), the record discloses that trial counsel was very well prepared for trial and was a competent and aggressive advocate.

"The well-established standard in Georgia for measuring the effectiveness of counsel is . . . 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' . . . *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974), quoting from MacKenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960)." *Spence v. State,* 163 Ga. App. 198 (1) (292 SE2d 908) (1982). "The *Pitts v. Glass* standard . . . requires us to look at the totality of the representation provided by counsel. [Cit.] In doing so, we have no difficulty in finding that [appellant] had the benefit of a competent, well-prepared and aggressive advocate for his defense and that [appellant's] claim to the contrary is wholly without merit." *Dansby v. State,* 165 Ga. App. 41, 43 (299 SE2d 579) (1983). Accord, *Jamison v. State,* 164 Ga. App. 63 (1) (295 SE2d 203) (1982); *Spence v. State,* supra; *Scott v. State,* 157 Ga. App. 608 (2) (278 SE2d 49) (1981).

2. In light of our holding in Division 1, supra, that the certified copy of the record of appellant's guilty plea was admissible for the

purpose of impeachment, appellant's second and sixth enumerations of error are without merit.

3. Viewed in a light most favorable to upholding the verdict, the evidence of record was sufficient to enable any rational trier of fact to have found appellant guilty of theft of a motor vehicle beyond a reasonable doubt. See OCGA § 16-8-2 (Code Ann. § 26-1802). Therefore, appellant's challenges to the sufficiency of the evidence to support the verdict (by motion for directed verdict and motion for judgment notwithstanding the verdict) have no merit. See *Thomas v. State,* 158 Ga. App. 668 (1) (281 SE2d 646) (1981). See also *Russell v. State,* 155 Ga. App. 555 (2) (271 SE2d 689) (1980).

4. The trial court's charge that the "verdict must be agreed by all eleven — or twelve deliberating Jurors" was a palpable "slip of the tongue" which clearly could not have misled the jury and is not cause for a new trial. See *Siegel v. State,* 206 Ga. 252 (2) (56 SE2d 512) (1949).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 3, 1984 —
REHEARING DENIED JANUARY 20, 1984.

*John N. Crudup,* for appellant.
*Bruce L. Udolf, District Attorney, Deborah Schwind, Assistant District Attorney,* for appellee.