## A89A2106. COOK v. THE STATE.
(392 SE2d 556)

BEASLEY, Judge.

Defendant appeals his cocaine possession conviction, OCGA § 16-13-30.

1. Appointed counsel for defendant has filed an enumeration of error raising the general grounds only. See *Lewis v. State,* 186 Ga. App. 92 (1) (366 SE2d 305) (1988).

A Brunswick police officer testified that on October 23, 1987, he stopped a car driven by defendant in which Sam Armstrong was a passenger. The officer saw the driver's side door open about six inches and an object drop on the ground beside the car. He opened the door, grabbed defendant and spied a matchbox "laying down there just below the door." The box contained cream-colored rocks which were subsequently identified as cocaine. The officer also found a razor

blade with the cream-colored substance on it located on the hump between the driver's seat and that of the passenger. There was also a plastic container with a small residue at the same place.

Armstrong, under a grant of immunity, testified he was in the car with defendant on October 23; defendant had cocaine in his possession; he knew defendant had cocaine in a matchbox because he was with defendant when he bought it; the matchbox identified by the police officer was the one defendant had in his pocket. Armstrong admitted using cocaine, and in answer to the question "did you have any type of business arrangement with [defendant]?" stated that "we was partners." When asked what type of partners, he responded: "The dope game." Defendant objected to this and moved for mistrial which, after a hearing out of the presence of the jury, was denied. Armstrong also testified that defendant opened the door and threw the matchbox with "the dope" out of the car when they were stopped.

The evidence was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt. *Lewis v. State*, 186 Ga. App. 349, 350 (1) (367 SE2d 123) (1988); *Howard v. State*, 185 Ga. App. 215 (1) (363 SE2d 621) (1987).

2. Defendant also filed a pro se enumeration of errors and brief, after the first were filed. We have held that under our State Constitution defendant has no right to simultaneous representation by counsel and self-representation. *Smith v. State*, 194 Ga. App. 327 (390 SE2d 304) (1990); *Cargill v. State*, 255 Ga. 616, 622 (3) (340 SE2d 891) (1986). Thus, we do not consider those errors raised by defendant.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 7, 1990 —
REHEARING DENIED MARCH 23, 1990.

Gary B. Cook, *pro se.*
Glenn Thomas, Jr., *District Attorney*, for appellee.

