## A91A1498. SNELL v. THE STATE.
(416 SE2d 360)

BEASLEY, Judge.

Snell appeals his convictions for the armed robbery, OCGA § 16-8-41 (a) and aggravated assault, OCGA § 16-5-21 (a) (1) & (d), of a 77-year-old man in the man's home. Snell was charged with stabbing and attempting to strangle the victim and with taking from the victim $132 in cash and two small caliber pistols.

Snell's appointed appellate counsel raises two challenges: The convictions should be reversed because Snell's trial counsel provided ineffective assistance under the state standard of *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974), as applied in *Hicks v. State*, 169 Ga. App. 542 (1) (314 SE2d 113) (1984), and *Dansby v. State*, 165 Ga. App. 41, 43 (2) (c) (299 SE2d 579) (1983); the convictions should be reversed because the trial court charged the jury on flight and its corresponding inference of guilt.

Subsequent to counsel's filings, Snell also filed a pro se brief containing allegations of error under the mistaken belief that he has a right to simultaneous representation by counsel and self-representation. He does not have that right under our State Constitution. 1983 Ga. Const., Art. I, Sec. I, Par. XIV. Nor does he have that right under the Sixth Amendment. *Cargill v. State*, 255 Ga. 616, 622 (3) (340 SE2d 891) (1986), citing *McKaskle v. Wiggins*, 465 U. S. 168 (104 SC 944, 79 LE2d 122, 136) (1984). Independent errors raised pro se will not be considered. *Cook v. State*, 195 Ga. App. 69, 70 (2) (392 SE2d 556) (1990).

1. The proper disposition of the claim of ineffective assistance of counsel requires consideration of the procedural history of the case.

Snell was granted permission to act as his own counsel during the trial which commenced on December 12, 1989. An attorney was appointed to act as "co-counsel." Snell participated in some cross-examination of witnesses and presented his own closing argument. During sentencing, Snell indicated that he wished to appeal the convictions.

Trial "co-counsel" filed a timely motion for new trial on the general grounds on December 20, 1989. Approximately three weeks later, Snell, himself, filed an application for sentence review and, more than a month after that, a "Brief in Support of Amended Motion for New Trial." The following month, the trial attorney filed an amendment to the motion for new trial citing errors other than the general grounds. The amended motion for new trial was denied on March 23, 1990. The attorney filed an untimely notice of appeal from the convictions on April 30. On May 1, he filed a motion for extension of time to file a notice of appeal pursuant to OCGA § 5-6-39. Finding the request for extension itself untimely, the trial court denied it.

Snell petitioned for a writ of habeas corpus alleging as grounds

for relief, that trial counsel was ineffective because an appeal was not timely filed and because counsel showed prejudice throughout the case, and that Snell was tried without a jury of his peers because of an "all white jury." The habeas corpus court granted an out-of-time appeal on May 8, 1991, after concluding that Snell's lack of an appeal was not his fault. That court declined to further review the remaining claims of ineffective assistance of counsel or lack of a peer jury, citing *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991), and remanded the case to the trial court.

On May 16, the trial court granted this out-of-time appeal and appointed the present appellate counsel. The appeal was docketed on May 21, and appellate counsel filed a brief on behalf of appellant on July 11. In a letter dated August 26, appellate counsel informed this Court that he would "at the same time pursue [Snell's] claim of ineffective assistance of counsel by means of a motion for new trial as outlined in [*Ponder*, supra]." The clerk of the trial court has certified that no such motion for new trial has been filed or ruled upon.

*Ponder* specifically addressed the question of when, in the context of an out-of-time appeal, a claim of ineffective assistance of counsel must be raised to preserve the issue for review. It held that "the grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. . . . [A] claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing." Id. at 841 (1).

When an out-of-time appeal arises from a habeas corpus proceeding, as here, the petitioner is placed in "the same posture with the same rights as a defendant who is successful in seeking an out-of-time appeal from the trial court." Id. at 842 (1). That is, following the court's grant of an out-of-time appeal, the petitioner has 30 days to pursue post-conviction remedies, i.e., to put the issue of ineffectiveness of trial counsel before the trial court in a motion for new trial.

Appellate counsel having failed to follow the procedure required by *Ponder*, the issue of ineffectiveness of trial counsel is waived in this appeal.

2. The following instruction was given to the jury because of evidence that Snell escaped from the city jail following his arrest for the charges on trial.

"[T]he flight of a person accused of a crime, if proven, or the attempted flight of a person accused of a crime, if established by the evidence, may be considered by the jury in determining whether or not such accused is guilty of the alleged crime. If you find from the evidence in this case that there was flight on the part of the Defend-

ant, you may consider whether or not you will draw any inference of guilt from that flight or similar acts, if any such has been proven. Flight is subject to explanation. You decide the weight to be given to such evidence, if any, and whether to draw any inference of a consciousness of guilt or not. It's for you, the jury, to decide from the evidence whether or not there was any flight on the part of the Defendant in this case and, if so, whether such was due to a sense of guilt or for some other reason, and if for other reasons then no inference hurtful to the Defendant should be drawn."

Under the facts of this case the substance of such a charge in itself is not erroneous, but the propriety of singling out the circumstance of flight for instruction to the jury has been a matter of concern to members of the Supreme Court. See *Cameron v. State*, 256 Ga. 225, 227 (345 SE2d 575) (1986) (concurrence by Bell, J., with Weltner and Hunt, JJ., concurring), and *Griffin v. State*, 257 Ga. 148, 150 (7) (356 SE2d 209) (1987), citing the concurrence in *Cameron*. In *Renner v. State*, 260 Ga. 515, 518 (3) (b) (397 SE2d 683) (1990), the Supreme Court adopted the rule enunciated in Justice Bell's concurrence in *Cameron*, that is, "while the state may offer evidence of and argue flight, it shall be error for a trial court in a criminal case to charge the jury on flight." Id. at 518 (3) (b). The Court expressly made such rule applicable only to cases tried after January 10, 1991. Id. at 518, footnote 2.

*Renner* is inapplicable to the present case, it having been tried on December 12, 1989. The giving of the flight instruction in this case does not constitute reversible error, which is required in order to reverse a judgment of conviction. See *Grissett v. State*, 199 Ga. App. 547 (1) (405 SE2d 542) (1991); *Johnson v. State*, 199 Ga. App. 144, 145 (2) (404 SE2d 455) (1991) (physical precedent only as to Division 1).

*Judgments affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 21, 1992.

*Wright & Hyman, G. Russell Wright, David E. Morgan III*, for appellant.

*John C. Pridgen, District Attorney, James E. Turk, Assistant District Attorney*, for appellee.