## A04A0560. DUELMER v. THE STATE.
(593 SE2d 878)

ANDREWS, Presiding Judge.

James Duelmer appeals from his DUI conviction arguing that the trial court's charge to the jury was reversible error. We agree and reverse.

In *Baird v. State*, 260 Ga. App. 661 (580 SE2d 650) (2003), this Court disapproved the following jury charge:

> In any criminal trial the refusal of the defendant to permit chemical analysis to be made of his blood, breath, urine or other bodily substance at the time of his arrest shall be admissible as evidence against him. I further charge you that the refusal itself may be considered as positive evidence creating an inference that the test would show the presence of alcohol or other prohibited substances *which impaired his driving*. However, such an inference may be rebutted.

Id. at 662. The court held that the addition of the phrase "which impaired his driving" allowed the jury to infer not only that the test would have shown the presence of alcohol in the body, but that the alcohol impaired his driving. (Emphasis omitted.) Id. at 663. The jury instruction, therefore, invaded the province of the jury and shifted the burden of proof to the defendant, forcing him to present evidence

to rebut the inference. See *Stepic v. State*, 226 Ga. App. 734, 735 (487 SE2d 643) (1997).

In this case, the court charged the jury:

> I charge you that in any criminal trial the refusal of the defendant to permit chemical analysis to be made of his blood, breath, urine or other bodily substance at the time of his arrest shall be admissible as evidence against him. I further charge you that the refusal itself may be considered as positive evidence creating an inference that the test would show the presence of alcohol or other prohibited substance *which impaired his driving*, however, such inference may be rebutted.

The charge contains the language that was specifically disapproved of in *Baird*, and therefore, the judgment must be reversed.

We are not persuaded by the State's argument that this was not reversible error because the charge as a whole was not burden-shifting. Generalized instructions regarding the State's burden and the jury's responsibilities are insufficient to overcome the mandatory nature of this specific instruction. See *Stepic*, supra at 736.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 29, 2004.

*Chestney-Hawkins Law Firm, Robert W. Chestney*, for appellant.
*Barry E. Morgan, Solicitor-General*, for appellee.