## A08A2062. VADDE v. THE STATE.
(674 SE2d 323)

BERNES, Judge.

A jury found Srinivas Vadde guilty of three counts of deposit account fraud and two counts of theft by deception. Following the denial of his motion for new trial, Vadde appeals, contending that there was insufficient evidence to support his convictions. Because there was no evidence of present consideration, we reverse Vadde's conviction for deposit account fraud under Count 5 of the indictment. We affirm his remaining convictions.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and [Vadde] no longer enjoys the presumption of innocence. We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain that the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. Moreover, conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld.

(Footnote omitted.) *Essuon v. State*, 286 Ga. App. 869, 871-872 (1) (650 SE2d 409) (2007). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*The Wachovia Transaction.* Viewed in the light most favorable to the verdict, the evidence showed that on December 4, 2001, Vadde entered a Wachovia Bank in Cobb County and presented a check for $75,000 purportedly drawn on the account of a company called Encompass Insurance. Vadde did not have a bank account with Wachovia. However, Vadde had been to four other banks earlier that day in an effort to have the $75,000 check honored, and all four had rejected the check. The teller at Wachovia accepted the $75,000 check and exchanged it for a Wachovia cashier's check for the same dollar amount. Vadde then left Wachovia and deposited the check into his Bank of America account.

Shortly thereafter, the $75,000 check delivered to Wachovia was dishonored. As a result, on December 6, 2001, Wachovia asked Bank

of America to freeze Vadde's bank account, which that bank did. By that time, Vadde had already withdrawn $5,900 of the proceeds from the cashier's check. Wachovia contacted Vadde by telephone and demanded that he return the withdrawn proceeds, but he never did so.

*The SunTrust Transactions.* On October 31, 2003, Vadde entered a SunTrust Bank in Cobb County and deposited into his account a check with a face value of $301,392 purportedly drawn on the account of a company called SGB Services Limited Group. Due to a procedural error, SunTrust immediately credited the face value of the check to Vadde's bank account. Over the next few days, Vadde withdrew $158,800 of the proceeds of the check from his account which he used for, among other things, paying off his personal debts and purchasing a car.

Like the check that had been delivered to Wachovia, the $301,392 check delivered to SunTrust was dishonored. SunTrust froze Vadde's account and mailed him a certified letter demanding that he tender the $158,800 in withdrawn proceeds within ten days. Vadde, however, never returned the proceeds. Rather, on November 19, 2003, Vadde presented a new check to SunTrust with the face value of $301,392 purportedly drawn on the account of a company called Ranmac Security Services. SunTrust did not credit Vadde's account for the second check, which also was dishonored.

Vadde subsequently was arrested, indicted, and tried on three counts of felony deposit account fraud (Counts 1, 3, and 5) and two counts of theft by deception (Counts 2 and 4). At trial, the state presented the testimony of several bank employees and introduced bank business records reflecting the events as set out above. The state also presented similar transaction evidence showing that on July 20, 2004, Vadde deposited two checks totaling $33,000 into his account with Citizens Trust Bank in Fulton County. The checks were later dishonored, but by that time Vadde had withdrawn $8,000 of the proceeds from his account. Upon demand, Vadde failed to return any of the proceeds to Citizens Trust Bank.

Vadde chose to testify at trial and admitted that four banks had rejected the $75,000 check before he presented the check to Wachovia. Vadde also testified that the $75,000 check and the two $301,392 checks were loans to him from business partners in Nigeria to fund his business ventures, although he conceded that the names of those partners did not appear on any of the checks and that he had used check proceeds to pay off his personal debt and buy a car. Vadde further admitted that he had never met his alleged business partners. Notably, Vadde told a fraud investigator with Citizens Trust Bank a similar story that the two checks he had delivered to that bank had been loans from a business partner in Nigeria although,

again, the name of the partner did not appear anywhere on those checks.

1. There was sufficient evidence to authorize a reasonable jury to find Vadde guilty beyond a reasonable doubt of felony deposit account fraud under Counts 1 and 3 of the indictment. "A person commits the offense of deposit account fraud when such person . . . delivers an instrument for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee." OCGA § 16-9-20 (a). The offense rises to the level of a felony if the instrument was drawn on an account with "a bank of another state." OCGA § 16-9-20 (c).

Count 1 alleged that Vadde committed deposit account fraud by delivering the $75,000 check to Wachovia on December 4, 2001 in exchange for the cashier's check, knowing that the $75,000 check would not be honored by the drawee institution. In turn, Count 3 alleged that Vadde committed deposit account fraud by delivering the first $301,392 check to SunTrust on October 31, 2003 in exchange for credit to his personal account with that bank, knowing that the check would not be honored by the drawee institution.

Vadde does not contest that he delivered the checks to the respective banks in exchange for present consideration. Nor does he challenge the fact that the checks were drawn on out-of-state bank accounts. Rather, his sole contention is that the prosecution failed to prove that he had knowledge that the drawee institutions would not honor the checks in question.

We are unpersuaded. The offense of deposit account fraud is committed if the defendant knew at the time he delivered the check that it would not be honored by the drawee. *State v. Brannon*, 154 Ga. App. 285, 286 (1) (267 SE2d 888) (1980). And, like any other fact, guilty knowledge may be proven by circumstantial evidence, *Thurman v. State*, 249 Ga. App. 390, 392 (2) (b) (547 SE2d 715) (2001), as it was in the present case.

With respect to the $75,000 check delivered to Wachovia, the jury was entitled to consider Vadde's admission that he shopped the check around to four other banks before he presented it to Wachovia, all of which rejected the check, which created an inference that Vadde knew the check would be dishonored when he delivered it to Wachovia. With respect to the first $301,392 check delivered to SunTrust, the jury was entitled to consider the fact that Vadde did not return the proceeds of the check within ten days of receiving the demand letter from SunTrust as prima facie evidence that he knew

the check would not be honored. See OCGA § 16-9-20 (a) (2);[1] *Porado v. State*, 211 Ga. App. 728, 728-729 (1) (440 SE2d 690) (1994) (upholding deposit account fraud conviction after concluding that the state had made out a prima facie showing under OCGA § 16-9-20 (a) (2)).

Furthermore, with respect to both checks, the jury was entitled to consider the similar transaction evidence for the purpose of showing Vadde's intent, knowledge, and bent of mind. See *Lowery v. State*, 282 Ga. 68, 70-71 (3) (646 SE2d 67) (2007) (noting that "evidence of a defendant's commission of a similar transaction against one other than the victim is admissible for a number of purposes," including intent, knowledge, bent of mind, and "other matters dependent upon a person's state of mind") (citation and punctuation omitted). Finally, the jury was entitled to consider Vadde's implausible testimony concerning the source of the checks, which was contradicted by the face of the checks themselves, his admission that he did not use the proceeds for the business purposes for which the checks allegedly were intended, and his admission that he had never met his supposed business partners. Cf. *Anderson v. State*, 224 Ga. App. 608, 610 (2) (481 SE2d 595) (1997) (upholding burglary conviction where, among other things, defendant's explanation of how he obtained the stolen goods was implausible).

In light of this combined circumstantial evidence, we conclude that a rational trier of fact was entitled to find beyond a reasonable doubt that Vadde acted with knowledge that the checks would be dishonored when he delivered them to Wachovia and SunTrust. *Jackson v. Virginia*, 443 U. S. 307. "It is the jury's prerogative to choose what evidence to believe and what to reject." (Punctuation and footnote omitted.) *Lamb v. State*, 293 Ga. App. 65, 67 (666 SE2d 462) (2008). Accordingly, Vadde has failed to assert a valid basis for reversing his convictions for felony deposit account fraud under Counts 1 and 3.

2. We reach a different result with respect to Vadde's conviction of felony deposit account fraud under Count 5. That count alleged that Vadde committed deposit account fraud by delivering the second $301,392 check to SunTrust on November 19, 2003 in exchange for credit to his personal account with that bank, knowing that the check would not be honored by the drawee institution. Significantly,

---

[1] OCGA § 16-9-20 (a) (2) provides:

[I]t is prima-facie evidence that the accused knew that the instrument would not be honored if . . . [p]ayment was refused by the drawee for lack of funds . . . and the accused or someone for him shall not have tendered the holder thereof the amount due thereon, together with a service charge, within ten days after receiving written notice that payment was refused upon such instrument.

however, the SunTrust fraud investigator and teller testified at trial that Vadde did not receive any credit to his personal account in exchange for the second $301,392 check.

As previously noted, deposit account fraud is committed only if the defendant delivered the instrument in exchange for a present consideration or wages. OCGA § 16-9-20 (a). "Present consideration in this context means that the check must be in exchange for something of value." (Citations and punctuation omitted.) *Holder v. State*, 242 Ga. App. 479, 481 (3) (b) (529 SE2d 907) (2000). See also *Griffith v. State*, 249 Ga. 19, 20-21 (287 SE2d 187) (1982). Put another way, there must be evidence that the defrauded party suffered some type of loss resulting from the party's reliance on the defendant's wrongful act. *Brooks v. State*, 146 Ga. App. 626, 627 (2) (247 SE2d 209) (1978). Here, however, the prosecution failed to present any evidence that Vadde received anything of value in return for the second $301,392 check or that SunTrust suffered any type of loss resulting from that check. Therefore, because the prosecution failed to prove the essential element of present consideration, we must reverse Vadde's conviction on Count 5. See, e.g., id.; *Griffith*, 249 Ga. at 20-21; *Holder*, 242 Ga. App. at 481 (3) (b).

3. There was sufficient evidence to authorize a reasonable jury to find Vadde guilty beyond a reasonable doubt of felony theft by deception under Counts 2 and 4 of the indictment. "The offense of theft by deception requires: (1) obtaining property by any deceitful means or artful practice; (2) with the intention of depriving the owner of the property." *Ellerbee v. State*, 256 Ga. App. 848, 851 (1) (569 SE2d 902) (2002). See OCGA § 16-8-3 (a). A person intentionally deceives another if he "[c]reates or confirms another's impression of an existing fact or past event which is false and which [he] knows or believes to be false." OCGA § 16-8-3 (b) (1). The offense is punishable as a felony if the value of the stolen property exceeds $500. OCGA § 16-8-12 (a) (1).

Count 2 alleged that Vadde committed theft by deception in that he intentionally obtained in excess of $500 in currency from Wachovia by knowingly creating the false impression that the $75,000 check he delivered to Wachovia would be honored. In turn, Count 4 alleged that Vadde committed theft by deception in that he intentionally obtained in excess of $500 from SunTrust by knowingly creating the false impression that the first $301,392 check he delivered to Wachovia would be honored.

Vadde does not contest that he obtained in excess of $500 in currency from Wachovia and SunTrust or that the checks he delivered to the respective banks ultimately were dishonored. Instead, he argues that there was insufficient evidence that he knew that the checks he delivered to the two banks would be dishonored,

and, therefore, insufficient evidence that he intentionally deceived Wachovia and SunTrust in order to obtain the currency.

We disagree. The same combined circumstantial evidence discussed supra in Division 1 was sufficient to authorize a rational trier of fact to find that Vadde knew that the checks would be dishonored and thus intentionally deceived Wachovia and SunTrust. *Jackson v. Virginia*, 443 U. S. 307. See generally *Palmer v. State*, 243 Ga. App. 656, 657 (533 SE2d 802) (2000) ("Intent may be found by the jury upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is being prosecuted.") (footnote omitted). The question of whether Vadde had the requisite criminal intent was properly reserved for the jury. See id.

4. Vadde also seeks to raise additional issues on appeal that were not enumerated as error by his appellate counsel. Because Vadde is represented by counsel and has no right to represent himself at the same time, he is not permitted to raise issues on appeal separate from his counsel. See *Hawkins v. State*, 267 Ga. 124, 125 (3), n. 2 (475 SE2d 625) (1996); *Cook v. State*, 195 Ga. App. 69, 70 (2) (392 SE2d 556) (1990). The issues raised by Vadde, moreover, are deemed abandoned because a defendant cannot use his brief to expand the enumerations of error to include new issues for this Court's review. See *Elamin v. State*, 293 Ga. App. 591, 594 (5), n. 7 (667 SE2d 439) (2008). Nevertheless, we have reviewed the additional issues raised by Vadde and conclude that they are without merit.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 26, 2009 —
RECONSIDERATION DENIED MARCH 4, 2009

Srinivas Vadde, *pro se.*
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.