## A09A0229. BLOCKER v. THE STATE.

(676 SE2d 875)

JOHNSON, Presiding Judge.

A jury found Tony Bernard Blocker guilty of two counts of rape and one count of false imprisonment and not guilty of two counts of aggravated child molestation and one count of aggravated sexual battery. Blocker appeals, claiming that the evidence was insufficient to support his convictions and that the trial court erred in denying his motion for a directed verdict. Finding no error, we affirm.

The standard of review for the denial of a motion for a directed verdict is the same as for determining the sufficiency of the evidence to support a conviction.[1] We view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence.[2] Moreover, we do not weigh the evidence or determine witness credibility, as "[r]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[3] We need only determine if the evidence was sufficient to enable a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.[4]

Here, the evidence shows that when the victim was 11 years old, she, along with her mother and younger siblings, moved into Blocker's apartment in DeKalb County. The victim testified that over the next two years, Blocker had vaginal and anal intercourse with her numerous times. She also claimed that the sexual abuse included incidents in which Blocker forcibly held her down and confined her. In May 2006, when the victim was 13 years old, she and her family moved out of Blocker's apartment. Almost immediately thereafter,

---

[1] See *McGraw v. State*, 276 Ga. App. 607, 608 (1) (624 SE2d 232) (2005).
[2] Id.
[3] Id.
[4] *Hicks v. State*, 169 Ga. App. 542, 543 (3) (314 SE2d 113) (1984).

the victim reported the sexual abuse to which Blocker had subjected her.

Blocker claims that no rational trier of fact could have found him guilty of rape and false imprisonment because of the numerous inconsistencies in the testimony of the victim and her family. These inconsistencies included the time and location of the first rape, the number of times the sexual abuse occurred, and whether or not Blocker ever raped the victim at his brother's house. However, the jury also heard testimony from an expert in the field of forensic interviews of children. The expert, who had performed the forensic interview of the victim, testified that some inconsistencies in a child's disclosure of sexual abuse are to be expected.

Moreover, issues of witness credibility are reserved for the finder of fact, and "[a]s long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict."[5] The victim's testimony was sufficient to convict Blocker of two counts of rape and one count of false imprisonment.[6]

Blocker also asserts that the jury's guilty verdicts on the rape and false imprisonment counts were inconsistent with its not guilty verdicts on the aggravated child molestation and aggravated sexual battery counts, and he suggests that we "revisit[ ]" the inconsistent verdict rule. However, the rule that inconsistent verdicts in criminal cases warrant reversal has been abolished by the Supreme Court of Georgia,[7] and such abolition is binding on this Court.[8]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 31, 2009.

*Craig J. Ehrlich*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Harold A. Buckler, Assistant District Attorney*, for appellee.

---

[5] (Citation omitted.) *McGraw*, supra at 607-608 (1).
[6] See OCGA §§ 16-6-1 (a); 16-5-41 (a).
[7] See *Turner v. State*, 283 Ga. 17, 20 (2) (655 SE2d 589) (2008).
[8] See Art. VI, Sec. VI, Par. VI, Ga. Const. of 1983.