## A11A0895. WAGNER v. THE STATE.
(716 SE2d 633)

BARNES, Presiding Judge.

A jury convicted James D. Wagner of driving under the influence of alcohol to the extent it was less safe for him to drive ("DUI — Less Safe") and of child endangerment for driving with a child in the car while under the influence of alcohol ("DUI — Child Endangerment"). The trial court subsequently denied his motion for a new trial. On appeal, Wagner contends that the trial court committed reversible error by instructing the jury that it could infer, from his refusal to take a State-administered breath test, that the test would have shown the presence of alcohol "which impaired his driving." While Wagner did not specifically object to the instruction at the conclusion of the jury charge, we conclude that the instruction constituted plain error. Therefore, we must reverse his convictions and remand for a new trial.

Following a criminal conviction, the defendant is no longer presumed innocent, and we view the evidence in the light most favorable to the jury's verdict. *Vadde v. State*, 296 Ga. App. 405 (674 SE2d 323) (2009). So viewed, the evidence showed that on the evening of October 3, 2008, a customer was in her car waiting in the

---

[1] Groves's pro se motion for imposition of sanctions for a frivolous appeal is denied.

drive-through lane of a fast food restaurant in Cobb County. While waiting, she saw a four-year-old child run from the restaurant into the parking lot. The customer was concerned that the child might get struck by a vehicle. Another customer who saw the child running in the parking lot let out a "blood-curdling scream." At that point, the child stopped just as a car was nearing him and fell backward. The customer in the drive-through lane was unsure whether the child had been hit by the car or simply fell down.

After the child fell backward, the customer observed Wagner exit from the restaurant, pick up the child, and put the child into his vehicle. The manager of the restaurant followed Wagner outside and tried to get him to stop so that he could make sure the child was okay. However, after placing the child into his vehicle, Wagner drove away.

After leaving the restaurant parking lot, the customer who had witnessed the incident began following Wagner's vehicle. While following the vehicle, the customer described Wagner's driving as "[e]rratic to the point where I think, he knew I was following him and he didn't want me there." Wagner proceeded to a nearby park where he stopped his vehicle, and the customer called 911. Wagner then left the park area in his vehicle, and the customer continued to follow him.

The customer followed Wagner to another parking lot near a car wash, where Wagner parked his car. Responding to the 911 call, a police officer arrived on the scene shortly thereafter and approached Wagner, who at that point was standing at the rear of his vehicle. The officer noted that the tag number on the vehicle matched the tag number that had been given in the 911 call. The officer also observed that the child was still in Wagner's vehicle, and a second officer arrived on the scene and spoke with the child and with the customer who had followed Wagner to the parking lot.

The first responding officer then asked Wagner why he was parked there. Wagner said that he had been eating at the fast food restaurant but left and then stopped in this parking lot because he felt "threatened." While speaking with Wagner, the officer noticed a strong odor of alcoholic beverage coming from his mouth. The officer further observed that Wagner's speech was "slow and labored," that his eyes were "glossy and red," and that he appeared "somewhat disoriented." Wagner told the officer that he had consumed one alcoholic beverage. The officer requested that Wagner take an alco-sensor breath test, but he refused.

Wagner thereafter submitted to a series of field sobriety evaluations, but pointed out to the officer that he only had one contact lens in at the time. The officer conducted the horizontal gaze nystagmus test, and Wagner exhibited six out of six clues for possible impairment. On the walk and turn test, he exhibited three out of

eight clues of possible impairment. In contrast, Wagner exhibited no clues of impairment on the one-legged stand test and accurately recited the alphabet from E to X as instructed by the officer. Wagner also exhibited no signs of vertical gaze nystagmus.

Believing that Wagner had been driving under the influence of alcohol and was a less-safe driver, the officer placed Wagner under arrest. After being taken into custody, Wagner refused to take a State-administered breath test upon hearing the implied consent warning.

Wagner was charged by accusation with DUI — Less Safe and DUI — Child Endangerment. At the ensuing jury trial, the restaurant customer who had followed Wagner and the first responding officer testified to the events as set out above. The State also introduced into evidence and played for the jury two audio recordings of 911 calls made about the restaurant incident and a video recording of the traffic stop.

1. Although not enumerated as error, we conclude that the evidence was sufficient for a rational jury to find Wagner guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 40-6-391 (a) (1), (l)

2. Wagner contends that the trial court improperly instructed the jury about the inference that could be drawn from his refusal to submit to a State-administered breath test. The trial court instructed the jury:

> I charge you that in any criminal trial, the refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine or other bodily substances at the time of his arrest shall be admissible as evidence against him. I further charge you that the refusal itself may be considered as positive evidence, creating an inference that the test would show the presence of alcohol or other prohibited substances *which impair his driving*; however, such an inference may be rebutted.

(Emphasis supplied.)

In *Baird v. State*, 260 Ga. App. 661, 662-664 (1) (580 SE2d 650) (2003), we disapproved of this jury instruction. We concluded that the inclusion of the phrase "which impaired his driving" improperly authorized the jury to infer not only that the test would have shown the presence of alcohol in the defendant's body, but also that the alcohol impaired his driving. Id. at 663 (1). "The jury instruction, therefore, invaded the province of the jury and shifted the burden of proof to the defendant, forcing him to present evidence to rebut the

inference." *Duelmer v. State*, 265 Ga. App. 342, 342-343 (593 SE2d 878) (2004).

The State does not dispute that the challenged jury instruction was erroneous but argues that Wagner waived any challenge to the charge by failing to specifically object after the trial court gave it.[1] See OCGA § 17-8-58 (b). However, a substantial error in the jury charge affecting the burden of proof constitutes plain error and is not waived on appeal. See *In the Interest of A. S.*, 293 Ga. App. 710, 713 (2) (667 SE2d 701) (2008); *Jones v. State*, 252 Ga. App. 332, 334 (2) (a) (556 SE2d 238) (2001). See OCGA §§ 17-8-58 (b); 5-5-24 (c). And, as noted above, the instruction disapproved in *Baird* and charged to the jury in this case substantially affected the State's burden of proof by shifting it to Wagner, requiring him to rebut the inference that he was an impaired driver because he refused to submit to the breath test. See *Duelmer*, 265 Ga. App. at 342-343. Consequently, we conclude that the giving of the challenged jury instruction constituted plain error and thus was not waived by Wagner's failure to raise a specific objection in the trial court.

The State also argues that the giving of the instruction did not rise to the level of plain error because other portions of the charge purportedly eliminated any reasonable likelihood that the jury believed that Wagner's refusal to take the test was sufficient to prove that he was impaired. In this regard, the State emphasizes that other portions of the jury charge generally informed the jury that the State carries the burden of proving every essential element of the charged offenses and that the burden never shifts to the defendant to prove his innocence. But we have previously held that generalized instructions concerning the burden of proof "are insufficient to overcome the mandatory nature of this specific instruction." *Duelmer*, 265 Ga. App. at 343.

Additionally, the State points out that the trial court instructed the jury that "merely showing that the defendant had been drinking or that there was a smell of alcohol on the defendant's breath or person, without proof of the manner of driving or the ability to drive, is insufficient to prove that the defendant was guilty of driving under the influence of alcohol." However, this instruction is silent on the effect of the defendant's refusal to take a State-administered breath test and so could be read consistently with the instruction challenged in this case. In other words, the two instructions, when read together, could be construed as saying that merely showing that the

---

[1] The State does not contend that there was overwhelming evidence that Wagner was an impaired driver. Nor would the record support such a contention, given the mixed results of the field sobriety evaluations and the possibility that Wagner's erratic driving was a reaction to being followed by the restaurant customer, as the customer herself suggested in her testimony.

defendant had been drinking or had the smell of alcohol on his breath or person, without proof of his manner of driving, of his ability to drive, *or of his refusal to take a State-administered breath test*, is insufficient to prove that the defendant was guilty of driving under the influence of alcohol. As such, the instruction relied upon by the State did not cure the erroneous instruction challenged here.

For these combined reasons, we conclude that Wagner "has satisfied the requirement of showing substantial error because the [error in the] charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial." (Punctuation and footnote omitted.) *Jones*, 252 Ga. App. at 334 (2) (a). Accordingly, we must reverse his conviction for DUI — Less Safe and remand for a new trial on that count. Moreover, because Wagner's DUI — Child Endangerment conviction was predicated upon his DUI — Less Safe conviction, we must reverse that conviction and remand for a new trial on that count as well. See OCGA § 40-6-391 (l) ("A person who violates [OCGA § 40-6-391] while transporting in a motor vehicle a child under the age of 14 years is guilty of the separate offense of endangering a child by driving under the influence of alcohol or drugs.").

*Judgment reversed and case remanded. Adams, J., concurs. Blackwell, J., concurs specially.*

BLACKWELL, Judge, concurring specially.

The majority is right to inquire whether the jury instruction in this case concerning the inferences a jury properly may draw from a refusal to take a breath test is plain error, and the majority correctly concludes that it is, so I agree that we must reverse the judgment of conviction below. But I do not agree with all that is said in the majority opinion, and for this reason, I concur specially.

Of most concern to me is the pronouncement of the majority, without reservation, that "a substantial error in the jury charge affecting the burden of proof constitutes plain error." In some sense, most of the jury instructions in a criminal case "affect" the burden of proof in one way or another, whether an instruction touches upon the nature of the burden itself, the identity of the party having the burden, the specific elements of the crime or affirmative defense that must be proven to discharge the burden, or the nature and quality of the evidence that is offered to carry the burden. And I am not sure that every substantial, plain or obvious error with respect to such a charge always and necessarily amounts to reversible error in the absence of a timely and proper objection below. Perhaps every such error is reversible error, but as of today, I am not yet convinced that it must be so, and I cannot, therefore, join the sweeping pronounce-

ment about plain error in the majority opinion. The relevant question is not, I think, whether an erroneous instruction "affects" the burden of proof in some way.[2]

Instead, the proper inquiry is found in the clear and unambiguous terms of OCGA § 17-8-58 (b), which provides in pertinent part that a failure to make a timely, specific, and proper objection to a portion of the jury charge in a criminal case "shall preclude appellate review of such portion of the jury charge, *unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties.*" (Emphasis supplied.) The words of this statute quite obviously are drawn from Federal Rule of Criminal Procedure 52 (b), and the cases discussing Rule 52 (b) make clear what they mean: plain error is error that is clear or obvious, see *United States v. Olano*, 507 U. S. 725, 734 (II) (A) (113 SC 1770, 123 LE2d 508) (1993), and in most cases, such an error affects substantial rights when it likely affected the outcome of the proceedings below. See id. The proper inquiry in this case, therefore, is whether the instruction that the court below gave to the jury was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings.

We disapproved the very instruction given in this case about eight years ago in *Baird v. State*, 260 Ga. App. 661, 662-664 (1) (580 SE2d 650) (2003), so the giving of the instruction in this case was error, and the error is obvious. Impairment of the ability to drive safely was the principal disputed issue at trial, and the question of impairment in this case was a close one, especially considering, among other things, that some of the field sobriety tests failed to indicate impairment and that Wagner offered a facially reasonable explanation for his erratic driving. I think Wagner has carried his burden of showing that the erroneous instruction likely affected the outcome of the proceedings below,[3] and for this reason, I concur in the judgment.

---

[2] This Court has suggested before that the instruction that was given in this case shifts the burden of proof to the defendant by, as the majority says, "requiring him to rebut the inference that he was an impaired driver because he refused to submit to the breath test." See, e.g., *Baird v. State*, 260 Ga. App. 661, 662-664 (1) (580 SE2d 650) (2003); *Duelmer v. State*, 265 Ga. App. 342, 342-343 (593 SE2d 878) (2004). I am not sure these prior opinions fairly characterize the instruction. The charge quite clearly instructs that the inference is permissive, and the problem with the instruction is not that it requires a defendant to disprove impairment, but rather that it authorizes the jury to draw an inference of impairment from evidence that logically does not suggest impairment. It is an erroneous instruction to be sure, but I am not convinced that it is a burden-shifting one (or that it matters whether it is "burden-shifting" or otherwise erroneous).

[3] Unlike a harmless-error analysis, where the appellee bears the burden of showing that an error did not likely affect the outcome below, a plain-error analysis requires the appellant to make an affirmative showing that the error probably did affect the outcome below. See *Olano*, 507 U. S. at 734 (II) (A).

DECIDED SEPTEMBER 7, 2011.

*Christopher R. Geel, Lawrence J. Zimmerman*, for appellant.
*Barry E. Morgan, Solicitor-General, Christopher S. Lanning, Assistant Solicitor-General*, for appellee.