S99A0547. WARD v. THE STATE.
(515 SE2d 392)

SEARS, Justice.

Appellant Lawanda Michelle Ward appeals her conviction for felony murder,[1] alleging that jury charging errors committed by the

---

[1] The crime occurred on November 18, 1995, and appellant was indicted on January 3, 1996 on charges of malice and felony murder, and possession of a firearm during the commission of a crime. Appellant also was indicted on two charges of aggravated assault. On March 7, 1996, following a jury trial, appellant was found guilty on the two assault charges, and not guilty of malice murder and illegal firearm possession. The jury declared it had deadlocked as to the felony murder charge. A mistrial was declared as to felony murder, and that charge was retried before a jury, resulting in a guilty verdict rendered on April 30, 1996. Appellant was sentenced to life imprisonment for felony murder, and to twenty years for each of the two aggravated assault convictions, to be served concurrently and consecutively, respectively. Appellant's new trial motion was filed on May 29, 1996, amended on

trial court effectively lowered the State's burden of proving her guilt beyond a reasonable doubt. Having reviewed the transcript of the trial court's jury charge, and after considering the charge as a whole, we must agree with appellant's assertion. Therefore, we reverse.

Evidence of record indicates that in November 1995, an altercation occurred between one group of women that included appellant on one side, and a rival group of women on the other side. Thereafter, appellant drove a car containing five of her friends past a gathering of the rival group. Shots were fired from the passing car, killing one person and injuring two others. Appellant fled the scene and attempted to hide the car.

1. The evidence introduced at trial, construed most favorably to the jury's verdicts, was sufficient to warrant a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the crimes for which she was convicted.[2]

2. At the conclusion of the evidentiary portion of appellant's trial, the trial court charged the jury on the presumption of appellant's innocence and the State's burden to rebut that presumption by proving every element of the crimes charged beyond a reasonable doubt. The trial court then explained that reasonable doubt is:

> [A] doubt based upon common sense and reason. It does not mean a vague or arbitrary doubt but is a doubt for which a reason can be given arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence or a combination of these things. If after giving consideration to all the facts and circumstances of this case your minds are wavering, unsettled or unsatisfied then that is a doubt of the law and you should acquit the defendants. But if that doubt does not exist in your minds as to the guilt of the accused then it would be your duty and you would be authorized to find the defendants guilty. If the State fails to prove the defendant's guilt beyond a reasonable doubt it would be your duty to acquit the defendants.

This portion of the trial court's charge was consistent with the suggested pattern instructions, and was proper.[3] However, the trial court then concluded its charge on reasonable doubt by stating:

> Now, members of the jury, a better way to express that is

---

November 5, 1998, and denied on November 6, 1998. Appellant's notice of appeal was filed on December 2, 1998, the appeal was docketed on January 8, 1999, and argued orally on March 15, 1999.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See Suggested Pattern Jury Instructions, Volume II: Criminal Cases (2nd ed.), pp. 7-8.

simply if you honestly believe that the defendants are guilty then find them guilty. If you honestly believe the defendants are not guilty then find them not guilty.

When attorneys for both the defense and the prosecution called the trial court's attention to this questionable portion of its charge, the trial court asserted its belief that the charge was correct, and let it stand.

Having reviewed the trial court's charge as a whole, as we must,[4] we conclude that the trial court's summation of the standard charge on reasonable doubt — that reasonable doubt was the equivalent of an "honest belief" — improperly lowered the standard of proof that must be carried by the State to support a conviction. By suggesting that the jury was authorized to convict based upon an "honest belief" of guilt, rather than a determination that there was an absence of any reasonable doubt of guilt, the trial court effectively authorized the jurors to convict appellant if, after balancing the evidence for themselves, they concluded that the State's evidence of guilt was more persuasive than appellant's evidence introduced in her defense. This, of course, is more akin to the preponderance standard used in civil trials than the reasonable doubt standard required in criminal prosecutions.

All charging errors are presumed to be prejudicial unless the record shows them to be harmless.[5] We cannot say that the erroneous instruction in this case, which purported to summarize the entire charge on reasonable doubt, was a mere "slip of the tongue," and that the charge, taken as a whole, gave a proper charge on the State's burden of proof. There is more than a fair risk that the charging error misled or confused the jury with regard to the State's burden of proving guilt beyond a reasonable doubt.[6] Accordingly, appellant's conviction must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 3, 1999.

*Richard O. Ward,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

[4] *Spearman v. State,* 267 Ga. 600, 602 (481 SE2d 814) (1997).
[5] *Foskey v. Foskey,* 257 Ga. 736, 737 (363 SE2d 547) (1988).
[6] See *Gober v. State,* 247 Ga. 652, 655 (278 SE2d 386) (1981).

*Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.