S99A0527. WILLIAMS v. THE STATE.
(515 SE2d 841)

SEARS, Justice.

The appellant, Temeka Williams, and her co-defendant, Lawanda

Michelle Ward, were jointly tried and convicted of felony murder stemming from an altercation that occurred on November 18, 1995.[1] On appeal, Williams contends, among other things, that the trial court erred in charging on the meaning of reasonable doubt. For the reasons that follow, we reverse Williams's conviction for felony murder.

1. We recently decided Ward's appeal, and reversed her felony murder conviction based upon the same charge on reasonable doubt that is the subject of Williams's first enumeration of error.[2] Accordingly, it is necessary that we reverse Williams's felony murder conviction because of the error in this charge.[3]

2. Reviewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Williams guilty beyond a reasonable doubt of the crimes for which she was convicted.[4]

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 7, 1999.

*Stanley C. House,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.

---

[1] The crimes occurred on November 18, 1995, and Williams was indicted on January 3, 1996. Williams was indicted for malice murder, felony murder, two counts of aggravated assault, and possession of a firearm during the commission of a crime. On March 7, 1996, a jury found Williams not guilty of malice murder, guilty of the two counts of aggravated assault, and guilty of the possession of a firearm during the commission of a crime. The jury, however, deadlocked on the felony murder count of the indictment. A mistrial was declared as to the felony murder count, and following a retrial, Williams was found guilty of that crime on April 30, 1996. On May 24, 1996, the trial court sentenced Williams to life in prison for felony murder, to two consecutive terms of twenty years in prison on the two aggravated assault counts, and to a consecutive term of five years in prison on the possession offense. Williams filed a motion for new trial on May 31, 1996. The court reporter certified the transcript on June 24, 1996, and the trial court denied Williams's motion for new trial on November 10, 1998. Williams filed a notice of appeal on November 11, 1998, and the appeal was docketed in this Court on January 5, 1999. The appeal was submitted for decision on briefs on March 8, 1999.

[2] *Ward v. State,* 271 Ga. 62 (515 SE2d 392) (1999).

[3] *Ward,* 271 Ga. 63-64.

[4] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).