## A01A1036. JONES v. THE STATE.
(556 SE2d 238)

PHIPPS, Judge.

A grand jury indicted Kenneth Wayne Jones for entering Natalie Smallwood's vehicle, entering Ronald Drawdy's vehicle, entering Cynthia Wilson's vehicle, financial transaction card theft, two counts of financial transaction card fraud (at AutoZone and Western Auto), and two counts of misdemeanor theft by receiving (tennis shoes and videotapes). He also was indicted for violating the Georgia Racketeer Influenced & Corrupt Organizations (RICO) Act, "by engag[ing] in a pattern of racketeering activity by committing at least two of the [eight other charged crimes]." The trial jury found Jones not guilty of two counts of entering a motor vehicle (Smallwood's and Drawdy's) and guilty of all other charges. He appeals, contending that the evidence was insufficient to support the RICO conviction and that the trial court's charge on reasonable doubt was erroneous. We find that the evidence was sufficient to support the RICO conviction, but the trial court's explanation of its charge on reasonable doubt improperly lowered the State's burden of proof. Accordingly, we reverse.

On appeal, a defendant no longer enjoys a presumption of innocence.[1] We review the evidence in the light most favorable to the verdict, without weighing it or assessing the credibility of witnesses, to determine whether the evidence was legally sufficient under the standard of *Jackson v. Virginia*.[2]

Viewed in this light, the evidence shows that on May 10, 1996, Smallwood's truck was forcibly entered while parked at a restaurant. Several items, including videotapes, were stolen. On July 6, 1996, Drawdy's truck, while parked at the same restaurant, was forcibly entered. Among the items stolen were his two cameras. On July 7, 1996, Wilson's car, while parked at the same restaurant, was forcibly entered. Wilson's purse containing her Discover credit card was stolen. Later that day, Wilson's credit card was used at several stores, including AutoZone, Western Auto, and Shoe Carnival.

---

[1] *Brannon v. State*, 243 Ga. App. 28 (1) (530 SE2d 761) (2000).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brannon*, supra.

At trial, Jones's wife, against whom related theft charges were pending, testified as a cooperating witness that during that spring and summer, she and Jones had broken into a number of vehicles, including those of Smallwood, Drawdy, and Wilson. Jones broke into the vehicles, while she served as lookout. She stated that they used, sold, or pawned the items stolen and shopped with the checks and credit cards stolen. She testified that they had taken videotapes from Smallwood's vehicle and had used Wilson's credit card to purchase tennis shoes from Shoe Carnival and other items from AutoZone and Western Auto. She stated that Jones had decided which items to purchase and, at Jones's direction and coercion, she had presented the credit card and signed the credit card slips. Smallwood's videotapes were retrieved during a search of the Joneses' residence. Drawdy's cameras were retrieved from a pawnshop, and corresponding pawn tickets were found during a search of Jones and his wife. Jones testified and denied involvement in the criminal acts.

1. Jones contends the evidence was insufficient to support the RICO conviction, arguing that the not guilty verdicts on two counts of entering a motor vehicle deprived the State of evidence needed to prove that he engaged in at least two predicate acts. A predicate act may be any racketeering activity as defined in OCGA § 16-14-3 (9). To prove a RICO violation, the State must show that the defendant committed two or more predicate criminal acts indictable under the RICO Act as part of an enterprise engaging in a pattern of racketeering activity.[3]

Jones argues that the events of July 7, 1996 — entering Wilson's car, financial transaction card theft, and two incidents of financial transaction card fraud — were "extended aspects" of the same transaction and do not constitute multiple predicate acts. We need not address each of the alleged predicate acts. Evidence of two predicate acts will sustain the RICO conviction. Considering first the counts of financial transaction card fraud, we find that the AutoZone transaction was separate from the Western Auto transaction. The fact that a single credit card was used twice soon after it was stolen does not unite the two crimes into a single transaction, but rather only serves as the link required for them to be considered a pattern of racketeering activity.[4] The crimes were indictable under the Georgia RICO Act,[5] involved the same accomplices, and had the similar intent of

---

[3] *Brannon*, supra at 30 (1); see OCGA § 16-14-3 (8).

[4] See *Brown v. Freedman*, 222 Ga. App. 213, 217-218 (3) (474 SE2d 73) (1996); OCGA § 16-14-3 (8). Compare *Raines v. State*, 219 Ga. App. 893, 894 (1) (467 SE2d 217) (1996) (the sale of timber by a single deed in one isolated transaction cannot be separated into two predicate acts by separately charging the sale and the filing of the deed).

[5] See OCGA § 16-14-3 (9) (A) (xxiii).

depriving others of their property. Accordingly, the evidence authorized the jury to find that Jones committed at least two predicate acts, thereby establishing his RICO violation.[6] We need not consider the remaining predicate acts charged.

2. Jones contends that the trial court gave an erroneous instruction on reasonable doubt, effectively lowering the State's burden of proving his guilt beyond a reasonable doubt. The record shows that after the court instructed the jury on reasonable doubt consistent with the suggested pattern instructions,[7] the court summarized, "In other words, if you honestly believe he's guilty, convict him. If you honestly believe he is not guilty, find him not guilty."

(a) When the trial court inquired whether there were any objections to its charge, Jones's counsel replied that he had none and did not reserve the right to object later. Generally, failure to object to a jury charge in a criminal case constitutes a waiver except, under OCGA § 5-5-24 (c), where there has been a substantial error in the charge which was harmful as a matter of law.[8] Nothing is more fundamental to the jury's consideration of a criminal case than its understanding and application of the State's burden of proof beyond a reasonable doubt. Anything that might suggest the application of a lesser standard of proof raises a question whether a fair trial has been provided. Here, while the trial court initially gave the standard charge on reasonable doubt, immediately thereafter, it neutralized that charge with an erroneous "honest belief" instruction. And although the court followed that instruction with, "If the [S]tate fails to prove the defendant's guilt beyond a reasonable doubt, it would be your duty to acquit the defendant," the court already had improperly instructed the jury that reasonable doubt, "in other words," means honest belief. We find that Jones has satisfied the requirement of showing substantial error because " 'the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial.' "[9]

(b) In *Ward v. State*[10] the Supreme Court found reversible error where the trial court, after giving a charge consistent with the suggested pattern instructions on reasonable doubt, concluded with, "a

---

[6] See *Brown,* supra.

[7] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), pp. 7-8.

[8] *Medina v. State*, 234 Ga. App. 13, 15 (2) (505 SE2d 558) (1998).

[9] (Citations omitted.) Id.; see, e.g., *Jackson v. State*, 237 Ga. App. 746, 747 (516 SE2d 792) (1999) (recognizing that where an omission is clearly harmful as a matter of law in that the charge fails to provide the jury with the proper guidelines for determining guilt or innocence, this court will consider and review the charge even though there was no timely objection in the trial court).

[10] 271 Ga. 62, 63-64 (2) (515 SE2d 392) (1999).

better way to express that is simply if you honestly believe that the defendants are guilty then find them guilty. . . ." By suggesting that the jury was authorized to convict based upon an "honest belief" of guilt, the trial court effectively and improperly authorized the jurors to convict upon the preponderance standard used in civil trials rather than the reasonable doubt standard required in criminal prosecutions.[11] All charging errors are presumed to be prejudicial unless the record shows them to be harmless.[12] The erroneous instruction here purported to summarize the entire charge on reasonable doubt. There is more than a fair risk that the error misled or confused the jury with regard to the State's burden of proving guilt beyond a reasonable doubt. Therefore, we cannot say that the charge, taken as a whole, properly charged on the State's burden of proof.[13]

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 7, 2001.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.