## A10A1822. ALEXANDER v. THE STATE.
### (707 SE2d 156)

MILLER, Presiding Judge.

A jury convicted Antonio Alexander of one count of sexual battery (OCGA § 16-6-22.1) as a lesser included offense of rape (OCGA § 16-6-1) and one count of child molestation (OCGA § 16-6-4 (a) (1)). Alexander appeals contending that the trial court erred in instructing the jury that it was required to convict him of rape or the lesser included offenses of statutory rape and sexual battery. Finding the foregoing claim to be without merit and that the charge, read as a whole, properly charged the State's burden of proof, we affirm.

We review a trial court's erroneous charge to determine whether it constituted harmful error under the facts of this case. *Hambrick v. State*, 256 Ga. 688, 689 (2) (353 SE2d 177) (1987).

Viewed in the light most favorable to the jury's verdict (*Cross v. State*, 285 Ga. App. 518, 519 (646 SE2d 723) (2007)), the evidence shows that on September 3, 2005, Alexander was a visitor in the apartment of Cicely Holliday with whom Holliday's younger sister, the 13-year-old victim P. H., then lived. P. H. testified that while Holliday and her boyfriend were out that evening, Alexander kissed her about the face and neck and followed her into a bedroom where he laid her on the floor and inserted his penis into her vagina against her will. P. H. reported what had occurred to her mother a day later. Confronted by the victim's mother, Alexander denied having touched P. H. The police were called and responded to the scene. Alexander's arrest followed.

At trial, a forensic biologist employed by the Georgia Bureau of Investigation testified that the possibility of penal penetration of the vagina could not be ruled out, although he acknowledged that seminal fluid had not been detected upon an examination of P. H.'s

vagina following the incident. The physician who examined P. H., however, testified that she had observed an abrasion inside P. H.'s vagina consistent with her report of forced penetration. For his part, Alexander denied the allegations and indicated that he had been left in the household as a babysitter.

Alexander claims that the trial court erred in instructing the jury that it was required to convict him of rape, statutory rape, or sexual battery as to Count 1 of the indictment. We disagree.

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Citations and punctuation omitted.) *Vergara v. State*, 287 Ga. 194, 198 (3) (b) (695 SE2d 215) (2010). In its instruction, the trial court correctly charged the jury as to Count 1 of the indictment (Rape) and its lesser included offenses as follows:

> [I]f you believe and *believe beyond a reasonable doubt* that the defendant is guilty in Count 1 . . ., of the offense charged, the form of your verdict would be "We, the jury, find the defendant guilty of Count [1]." On the other hand[,] as charged[,] you can also *consider* whether or not the defendant is guilty of the two lesser included offenses under Count 1[.]

(Punctuation omitted; emphasis supplied.) Based upon this charge, Alexander's claim of error is without merit.

We further review the record to determine if substantial error, requiring reversal, is present in light of the foregoing portion of the charge arguably suggesting that the jury was authorized to convict if it "believed" that Alexander was guilty.[1] See OCGA § 5-5-24 (c) ("Notwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not."). Our appellate courts have previously held that reversal was required when a trial judge, immediately after giving the standard charge on reasonable doubt, summarized such burden of proof by authorizing the jury to convict the defendant if the jury had an "honest belief" that the defendant was guilty, in effect, lowering the State's burden of proof to the preponderance standard applicable in civil trials. See *Ward v. State*, 271 Ga. 62, 64 (515 SE2d 392) (1999) (after concluding its charge on reasonable doubt, the

---

[1] As to Count 2 of the indictment, the trial court further charged the jury that it could convict Alexander *"if you believe the evidence and believe[ ] beyond a reasonable doubt* sufficient to prove the defendant guilty of the offense. . . ." (Emphasis supplied.)

trial court explained that its reasonable doubt charge was better expressed as a simple, honestly held belief that defendants were guilty); see also *Jones v. State*, 252 Ga. App. 332, 334 (2) (a) (556 SE2d 238) (2001) (immediately after charging the jury on reasonable doubt, the trial court neutralized the same by instructing the jury that "reasonable doubt, 'in other words,' means honest belief").

Here, early in its charge, the trial court properly instructed the jury as to the State's burden to prove Alexander's guilt beyond a reasonable doubt, substantially in accordance with the pattern charge as follows:

> And I charge you that the State has the burden to pro[ve] beyond a reasonable doubt that the defendant committed these offenses as I have read [them] to you and prove that they were committed in the manner that's alleged in the indictment . . . . [Further,] a defendant is innocent until proven guilty. The defendant enters upon the trial of the case with a presumption of innocence in his favor. This presumption remains with the defendant until it is overcome by the State with evidence . . . sufficient to convince you beyond a reasonable doubt of the defendant's guilt of the offense charged. No person shall be convicted of any crime unless and until each element of the crime is proved . . . beyond a reasonable doubt. The burden of proof rests upon the State . . . to prove every essential allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. . . . A reasonable doubt means just what it says. It is a doubt of a fair minded impartial juror honestly seeking the truth. A reasonable doubt is a doubt . . . based upon common sense and reason. It does not mean a vague or arbitrary doubt, but is a doubt for which a reason can be given arising from consideration of the evidence, a lack of the evidence . . . or conflicts in the evidence. After giving consideration to all the facts in this case, if your minds are wavering, unsettled, unsatisfied, then that is the doubt of the law and you should acquit the defendant. But if that doubt does not exist in your mind as to the guilt of the accused, then you would be authorized to convict the defendant.

See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.20.10. After doing so, unlike *Ward* and *Jones*, the trial court made no attempt to summarize its reasonable doubt charge as an honestly held belief or to otherwise explain it. Twice thereafter, the trial court made reference to its reasonable doubt charge as initially given by

charging the jury that it could convict Alexander of Counts 1 and 2 of the indictment, if it believed beyond a reasonable doubt that Alexander was guilty thereof.

Although the trial court used the term "believe" in both instances, it did so in the context of the reasonable doubt standard which the trial court clearly and correctly charged in its instruction. Under these circumstances, we find no substantial error and conclude that the instant charges were distinguishable from those condemned by *Ward* and *Jones*. On the record before us, there simply is no objectionable "summary" of the reasonable doubt standard as an honest belief.

In the same sense, we find no meaningful difference between the words "firmly convinced" as the equivalent of reasonable doubt approved in *Boone v. State*, 250 Ga. App. 133, 143 (15) (549 SE2d 713) (2001), and the word "believe" used synonymously with reasonable doubt as in this case.

Thus, while the best practice would not have been to employ the word "believe" in its charge as it did, the trial court did not improperly summarize the burden of proof or otherwise confuse the same in doing so. Accordingly, we find no substantial error, and the charge, read as a whole, was proper. See OCGA § 5-5-24 (c); see also *Vergara*, supra, 287 Ga. at 198 (3) (b).

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 8, 2011.

*Peters, Rubin & Reynolds, Robert G. Rubin, Mary Erickson*, for appellant.

*Paul L. Howard, Jr.,* District Attorney, *Stephany J. Luttrell, Assistant District Attorney*, for appellee.

