## A10A2027. EDWARDS v. THE STATE.
### (707 SE2d 917)

PHIPPS, Presiding Judge.

After a jury trial, David Wayne Edwards was convicted of failing to wear a safety belt in a passenger vehicle and of two counts of misdemeanor obstruction of an officer. He appeals the obstruction convictions, challenging the sufficiency of the evidence and arguing that the trial court erred in charging the jury and in excluding evidence regarding a witness's potential bias. Finding no reversible error, we affirm.

1. When an appellant challenges the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]

So viewed, the evidence showed that on November 21, 2008, two police officers (a supervisor and a trainee) observed Edwards driving without wearing a safety belt.[2] They followed Edwards, intending to make a traffic stop. Before the officers could position their patrol car behind Edwards and activate the car's blue lights or siren, however, Edwards pulled into a parking lot, got out of his car, and entered a commercial building. They pulled in behind Edwards's car and waited for him.

---

120, n. 18.

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (emphasis in original).

[2] See OCGA § 40-8-76.1 (b) (requiring each occupant of the front seat of a passenger vehicle to be restrained by a seat safety belt while the vehicle is being operated on a public road).

Two or three minutes later, Edwards exited the building, and the officers, who were in uniform, approached him. The trainee officer asked Edwards for his driver's license, but did not tell Edwards why he wanted to see it or explain the purpose of the encounter. Edwards responded, using a vulgarity, that he did not have to give the officer anything. The trainee officer then asked Edwards to sit in his car and to produce his license. Edwards refused. The trainee officer informed Edwards that he was questioning him about a safety belt violation and again asked Edwards for his license. Instead of complying, Edwards moved into a "combative position," with one leg behind the other and his arms positioned so that he could push with force. The supervising officer intervened, asking for Edwards's license, and Edwards refused, using a vulgarity.

The supervising officer then informed Edwards that he was under arrest for obstruction. That officer grabbed one of Edwards's hands to place handcuffs on him; Edwards pushed back, and the trainee officer pushed Edwards against the patrol car. The supervising officer then forced Edwards to the ground and ordered him to "quit fighting, quit resisting." Edwards did not respond to those commands and would not allow the officer to handcuff him, instead tensing his arms. A third officer arrived and subdued Edwards with pepper spray. The officers then were able to handcuff him. Edwards was taken by ambulance to the hospital to be treated for pepper spray and a heart condition; he was arrested several days later.

Edwards was charged with, among other things, two counts of violating OCGA § 16-10-24, for refusing to provide a license to the trainee officer and resisting arrest by that officer, and for physically resisting arrest by the two officers after being advised that he was under arrest. OCGA § 16-10-24 (a) provides in pertinent part that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor."

The evidence showed that the officers were engaged in the lawful discharge of their official duties when they initiated an encounter with Edwards in connection with his violation of the safety belt law.[3] Edwards contends, however, that the state did not prove he knowingly and wilfully hindered the officers because there was no evidence that he knew they were engaged in the lawful discharge of their official duties when they approached him and asked for his

---

[3] See *West v. State*, 296 Ga. App. 58, 61 (2) (673 SE2d 558) (2009) (officer was engaged in lawful discharge of duties when he investigated defendant's suspicious behavior, which had been reported in 911 call); *Wynn v. State*, 236 Ga. App. 98, 100 (2) (511 SE2d 201) (1999) (officers were engaged in lawful discharge of duties when they questioned defendant after having observed him violating open container law).

driver's license. Thus, he argues, he was entitled to refuse their requests for his license. But there was evidence that, although he had been informed of the purpose of the encounter, Edwards persisted in refusing to provide his driver's license, assumed a physically aggressive stance, and refused to comply with commands to stop fighting or resisting; this evidence authorized the jury to find that Edwards had obstructed or hindered the trainee officer as alleged in the accusation.[4] There also was evidence that, after being informed he was under arrest for obstruction, Edwards physically resisted the arrest; this evidence authorized the jury to find that he had obstructed or hindered the two officers as alleged in the accusation.[5]

2. The court instructed the jury that, "when operating a motor vehicle, every licensee shall display his license upon the demand of a law enforcement officer." Although Edwards's counsel objected to this instruction at the charge conference, she did not do so at the conclusion of the court's final charge. Because counsel "did not specifically object to this [instruction] at the conclusion of the jury charge," appellate review thereof is precluded under OCGA § 17-8-58,[6] "unless such portion of the jury charge [challenged on appeal] constitutes plain error which affects substantial rights of the parties."[7]

Pretermitting whether the instruction given accurately set forth the requirements of OCGA § 40-5-29 (on which the instruction was based), we find no plain error. The court's charge to the jury enumerated for the jury the specific offenses with which Edwards

---

[4] See *West*, supra at 61-62 (2) (evidence that defendant refused to comply with officer's repeated commands to leave the scene presented question for factfinder regarding whether defendant had committed offense of obstruction; distinguishing *Beckom v. State*, 286 Ga. App. 38 (648 SE2d 656) (2007), in which there was no evidence that defendant knew there was an ongoing investigation or that she attempted to wilfully impede that investigation); *Bailey v. State*, 190 Ga. App. 683, 684 (379 SE2d 816) (1989) (evidence that defendant refused to identify himself to officer who had observed him committing traffic violations, after officer identified himself, was sufficient to show that defendant had knowingly and wilfully obstructed or hindered officer in the lawful discharge of his duties).

[5] See *Pearson v. State*, 224 Ga. App. 467, 469 (2) (480 SE2d 911) (1997) (evidence that defendant resisted arrest by struggling as officer attempted to handcuff him was sufficient to support conviction for obstruction).

[6] *Madrigal v. State*, 287 Ga. 121, 123 (3) (694 SE2d 652) (2010) (citation and punctuation omitted). Although *Madrigal* did not specifically address the effect of an objection made during a charge conference, prior to the enactment of OCGA § 17-8-58 action taken at a charge conference did not preserve a party's objections to charge for appellate review, see *Palmer v. State*, 270 Ga. 278, 279 (2) (507 SE2d 755) (1998) (expression of reservation of objections made at charge conference could not encompass objections to charge as subsequently given), and nothing in that Code section indicates the General Assembly's intent to change the law in this respect. See generally *Humphreys v. State*, 287 Ga. 63, 70 (4) (694 SE2d 316) (2010).

[7] OCGA § 17-8-58 (b); see *Collier v. State*, 288 Ga. 756, 758 (4) (707 SE2d 102) (2011); *Hicks v. State*, 287 Ga. 260, 264 (4) (695 SE2d 195) (2010).

was charged and instructed the jury to determine whether he was guilty of those offenses; it did not instruct the jury to determine whether Edwards was guilty of a violation of OCGA § 40-5-29. We find no reasonable probability that the charge to the jury, when viewed as a whole,[8] permitted Edwards's conviction under an erroneous theory; thus Edwards was not harmed.[9] Under these circumstances, giving the cited instruction did not constitute plain error.[10]

3. Edwards sought to introduce evidence that the supervising officer involved in the November 21 incident subsequently made a threat against him. He proffered that his wife would testify that, when officers came to her home to serve an arrest warrant on Edwards two days after the incident, the supervising officer told her that he would give Edwards a "double dose of what he got last time."

The trial court excluded as irrelevant the proffered evidence regarding the officer's alleged threat. Edwards contends that the excluded evidence "cuts directly at the heart of [the supervising officer's] credibility and casts significant doubt as to whether the events of November [21], 2008, were indeed the result of Mr. Edwards's conduct as asserted by the officers at trial." We agree with Edwards that this evidence was admissible under OCGA § 24-9-68, which provides that the "state of a witness's feelings toward the parties . . . may always be proved for the consideration of the jury."

Nevertheless, the court's exclusion of the proffered evidence provides no ground for reversal. While the excluded evidence was relevant to the credibility of the supervising officer, the supervising officer's testimony was corroborated by the testimony of two other witnesses (the trainee officer, who witnessed all the events during the November 21 incident, and the third officer, who arrived during the incident and who witnessed the events relating to one of the two counts with which Edwards was charged). The excluded evidence did not challenge the credibility of the other two witnesses; there was no evidence that either the trainee officer or the third officer who assisted in Edwards's arrest harbored any ill feelings toward Edwards. Nor was any other evidence presented to dispute the testimony of those two witnesses. Thus, the evidence that Edwards committed obstruction as charged in the accusation was overwhelming, and it was highly probable that the court's error did not

---

[8] See *Ward v. State*, 271 Ga. 62, 64 (2) (515 SE2d 392) (1999).

[9] See *Hammonds v. State*, 263 Ga. App. 5, 7 (2) (587 SE2d 161) (2003) (finding no reversible error where instructions read as a whole sufficiently limited jury's consideration to elements of offenses as charged in indictment such that no reasonable possibility exists that jury could have convicted defendant of committing crime in manner not alleged in indictment).

[10] See *Dolphy v. State*, 288 Ga. 705, 708 (3) (707 SE2d 56) (2011); *Hicks*, supra.

contribute to the verdict.[11]

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*

DECIDED MARCH 18, 2011.

*Carrol L. Perrin*, for appellant.

*Donald E. Moore, Solicitor-General, Donald L. Hudson, Jr., Assistant Solicitor-General*, for appellee.

---

[11] See generally *Johnson v. State*, 238 Ga. 59, 61-62 (230 SE2d 869) (1976) (setting forth test for determining if nonconstitutional error was harmless).