### A11A1963. BROWN v. THE STATE.
(726 SE2d 612)

DOYLE, Presiding Judge.

A Barrow County jury found Jerry Brown guilty of one count of aggravated sexual battery,[1] two counts of rape,[2] two counts of possession of a firearm/knife during the commission of a crime,[3] and one count of aggravated child molestation.[4] Brown appeals, arguing that the trial court erred by (1) failing to strike a juror for cause; (2) charging the jury on a manner of rape not alleged in the indictment; (3) charging the jury on a manner of aggravated sexual battery not alleged in the indictment; and (4) charging the jury on a manner of possession of a weapon during the commission of a crime not alleged in the indictment. For the reasons that follow, we affirm.

"On appeal, we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5]

So viewed, the evidence at trial established that at the end of January 2008, when K. B. was in second grade, she made an outcry of sexual abuse against Brown, whom she knew as her father (although he was the former husband of her grandmother, who was granted custody of K. B. when she was less than a year old). In her initial outcry to a school counselor, K. B. stated that Brown touched her private parts with a gun, which body parts she explained to be her breasts, buttocks, and vaginal area, and Brown had threatened to harm her if she disclosed the abuse.

At trial, K. B. testified that Brown repeatedly touched her private parts with a gun; she also testified that Brown touched her private parts with a pair of scissors, a knife, his mouth, and his private part.

1. Brown contends that the trial court erred by failing to strike for

---

[1] OCGA § 16-6-22.2 (b).

[2] OCGA § 16-6-1 (a) (2).

[3] OCGA § 16-11-106 (b) (1).

[4] OCGA § 16-6-4 (a) (1). The jury returned a not guilty verdict on two remaining counts of aggravated sexual battery.

[5] *Vanwinkle v. State*, 263 Ga. App. 19, 19-20 (1) (587 SE2d 142) (2003), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

cause a juror who was biased by his familial experiences with rape and child molestation. We disagree.

> [B]efore a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. And we will affirm a trial court's decision not to strike a prospective juror unless that court has abused its discretion in so ruling.[6]

Brown primarily relies upon *Walls v. Kim*,[7] in which this Court determined that the trial court abused its discretion by denying a motion to strike a juror for cause in a medical malpractice action when the juror worked with the defendant physician and hoped that the case would come out in the doctor's favor.[8]

As this Court previously explained in *Doss v. State*, however, "[n]othing in *Walls v. Kim*, or its progeny, changed the traditional Georgia rules that a prospective juror's doubt about his or her impartiality does not demand as a matter of law that he or she be excused for cause."[9]

In this case, the juror in question stated that several family members were victims of unwanted sexual attacks, which had an emotional impact on his life. The following exchange then occurred between the trial court and the juror:

> [THE COURT]: . . . But then if you do figure out the facts, or at least determine what the facts are, is your history with the child — with the sexual offenses, is that going to override your evaluation of the evidence?"
> [JUROR]: If I feel the acts were committed, my choice would be guilty.
> [THE COURT]: But only if the facts were presented?
> [JUROR]: Only if the facts indicated —
> [THE COURT]: Nothing about [your family members'] experiences or —

---

[6] (Punctuation and footnote omitted.) *Cowan v. State*, 279 Ga. App. 532, 535 (3) (631 SE2d 760) (2006).

[7] 250 Ga. App. 259 (549 SE2d 797) (2001), affirmed in part and disapproved in part by *Kim v. Walls*, 275 Ga. 177 (563 SE2d 847) (2002).

[8] See *Walls*, 250 Ga. App. at 260-261.

[9] (Footnotes omitted.) *Doss v. State*, 264 Ga. App. 205, 211 (4) (f) (590 SE2d 208) (2003).

[JUROR]: No, no, no. No. I'm just telling you I have an emotional reaction to folks that have had to go through that. . . .

[T]here is a legal difference between (a) a potential juror who, because of life experiences, expresses doubt that he or she can be impartial if evidence triggers those experiences, and (b) a juror who, because of life experiences, cannot listen to the evidence before forming a judgment. While the former category may or may not merit a peremptory strike, the latter category does merit a strike for cause.[10]

Based on the record of voir dire, we cannot say that the trial court abused its discretion by denying Brown's motion to strike the juror for cause. The juror in question expressed his opinion that based on his life experiences, he was emotional about the subject matter of the case, and it is unlikely that any juror would not be emotional about this type of subject matter.[11] Nevertheless, the juror explained to the trial court that he would make his decision about guilt or innocence based on the facts presented and not based on his prejudgment of the subject matter. Accordingly, this enumeration is without merit.

2. Brown also argues that the trial court erred by charging the jury with elements of rape, aggravated sexual battery, and possession of a weapon during the commission of a crime — which elements were not charged in the indictment — and allowing the jury to convict Brown for acts he was not accused of committing.[12]

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error."[13] Although it is error for a trial court to instruct a jury that a crime may be committed in a manner not alleged in the indictment, "[t]here is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence."[14]

(a) *Rape*

Brown argues that the trial court erred by instructing the jury that he could be convicted of rape by having carnal knowledge of a

---

[10] (Punctuation omitted.) Id. at 212-213 (4) (f).

[11] See id.

[12] We note that Brown failed to file any demurrers to the indictments and therefore waived any arguments related thereto. See *Flournoy v. State*, 299 Ga. App. 377, 380-381 (2) (682 SE2d 632) (2009).

[13] (Punctuation omitted.) *Alexander v. State*, 308 Ga. App. 245, 246 (707 SE2d 156) (2011).

[14] (Citation and punctuation omitted.) *Garrett v. State*, 271 Ga. App. 646, 650 (2) (610 SE2d 595) (2005). See *Boone v. State*, 250 Ga. App. 133, 144 (16) (549 SE2d 713) (2001).

female under the age of ten, which is a manner of committing rape Brown contends was not alleged in the indictment.

Pursuant to OCGA § 16-6-1 (a), "[a] person commits the offense of rape when he has carnal knowledge of: (1) A female forcibly and against her will; or (2) A female who is less than ten years of age." The indictment charged Brown with having "carnal knowledge of the person of [K. B.], a child under the age of sixteen, forcibly and against her will." Brown contends that because the indictment did not allege that K. B. was under ten, the trial court's failure to charge rape pursuant to the statutory language of subsection (a) (1) requires reversal of this verdict. We disagree.

"[S]exual intercourse with a child under ten years of age is a forcible act constituting rape as a matter of law."[15] Here, the evidence supported a determination that K. B. was under ten years old at the time of the incident, and "the fact that the indictment in this case failed to state the age of the victim did not trump the precept that" sexual intercourse between a man and a female under the age of ten is always forcible and against her will.[16] Brown does not challenge the sufficiency of the evidence presented to establish that K. B. was under ten. Accordingly, this argument is without merit.

(b) *Aggravated Sexual Battery*

Brown contends that the trial court erred by instructing the jury that aggravated sexual battery could be committed by penetration of the sexual organ or the anus because the indictment only alleged that Brown committed the offense by penetrating K. B.'s vagina with a pair of scissors.

Pursuant to OCGA § 16-6-22.2 (b), "[a] person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person."

Although Brown is correct that the evidence presented at trial authorized the jury to convict him of violating OCGA § 16-6-22.2 (b) by penetrating K. B.'s vagina or anus with a pair of scissors, no error occurred in this instance because the trial court correctly issued a

---

[15] (Punctuation omitted.) *State v. Lyons*, 256 Ga. App. 377, 379 (568 SE2d 533) (2002). See also *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999) ("[T]he General Assembly . . . amended the forcible rape statute to require either force or a victim who is less than ten years old."). Compare *Jenkins v. State*, 259 Ga. App. 87, 88 (1) (576 SE2d 68) (2003) (rape occurred prior to the amendment of OCGA § 16-6-1 to include requirement of showing force and against the will or that the victim was younger than ten, and therefore, the State was required to establish that the defendant used force against the victim even though she was younger than ten during the incident).

[16] *Roebuck v. State*, 261 Ga. App. 679, 681-682 (2) (583 SE2d 523) (2003), overruled on other grounds by *Reynolds v. State*, 285 Ga. 70, 71 (673 SE2d 854) (2009).

limiting instruction that authorized the jury to convict Brown only for the offense as charged in the indictment.[17]

(c) *Possession of a Weapon during the Commission of a Crime*[18]

Finally, Brown contends that the trial court erred by instructing the jury that to find him guilty of these charges it would have to determine that he possessed a firearm and knife "during the commission of . . . a felony," which the court went on to define as "any crime against the person of another, rape, aggravated sexual battery, and aggravated child molestation." Brown contends that this was an erroneous charge requiring reversal of his conviction because he was only indicted for possessing a knife and firearm "while assaulting" K. B., and the jury charge therefore allowed him to be convicted for crimes he was not indicted for committing.

Brown's contention, however, amounts to a special demurrer to the indictment, which he did not file and has therefore waived the right to assert.[19] The trial court's instructions, when taken as a whole, adequately charged the jury that they could only convict Brown of these counts if they determined that he possessed a knife or possessed a firearm while committing one of the previously defined predicate felony crimes against K. B. Thus, his argument is without merit.

*Judgment affirmed. Ellington, C. J., and Miller, J., concur.*

DECIDED MARCH 23, 2012 — ▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*William D. Healan III*, for appellant.
*J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[17] See *Lester v. State*, 278 Ga. App. 247, 252 (4) (628 SE2d 674) (2006).

[18] To the extent that Brown argues that the State failed to charge a crime in the indictment with regard to the two counts of possession of a weapon during the commission of a crime because the only alleged underlying crimes were misdemeanors rather than felonies, we will not review the argument. See *Kohlhaas v. State*, 284 Ga. App. 79, 85 (2) (e) (643 SE2d 350) (2007) ("On appeal[,] an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration.") (citation and punctuation omitted).

[19] See *Dasher v. State*, 285 Ga. 308, 309 (2) (676 SE2d 181) (2009) ("contention that the felony murder indictment was deficient because it did not contain all the essential elements of the underlying crime of aggravated assault is, in essence, a special demurrer seeking greater specificity with regard to the predicate felony").